# IN RE CAREY.

PATENTS; PATENTABILITY.

1. In an application for a patent for a hydraulic pump of the rotary type, it was *held* not to involve invention to substitute the ball pistons of a reference cited for the cylindrical pistons of another reference cited, and that it was immaterial that the references dealt with steam while the applicant's device was primarily intended for use in pumping heavy oil, although capable of being used in connection with steam. (Following *Re Iwan*, 17 App. D. C. 566, and *Re Davenport*, 23 App. D. C. 370.)

2. Fluid is an old medium and there is no patentable novelty in putting it to a new use.

No. 1197.     Patent Appeals.     Submitted January 15, 1919.     Decided March 3, 1919.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting the claims of an application for a patent.
                                                                 *Affirmed.*

The facts are stated in the opinion.

*Mr. C. A. Bateman* and *Mr. James L. Norris* for the appellant.

*Mr. Theodore A. Hostetler* for the Commissioner of Patents.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

On certain references the Patent Office rejected claims 1 and 2, which read as follows:

"1. A hydraulic pump, motor, or like apparatus of the rotary type having a circular series of cylinders co-operating with a valve having one inlet and one exhaust opening, a freely rolling piston arranged for reciprocation in each cylinder, and a substantially circular track around which said pistons roll.

"2. A hydraulic pump, motor, or the like apparatus of the rotary type having a circular series of cylinders, a freely rolling piston arranged for reciprocation in each cylinder, a substantially circular track arranged eccentrically of said circular series of cylinders on which said pistons roll, and a fluid-controlling valve encircled by said series of cylinders."

The rejection was based on a patent to Benham, No. 459,735, September 22, 1891, and on one to Beckfield, No. 683,834, October 1, 1901. Appellants, Robert F. Carey and Andrew A. Todd, assert that there is a patentable difference between the claims of the issue and the references just mentioned, but we do not think so. The claims would be satisfied by the substitution of the ball pistons of Benham for the cylindrical pistons of Beckfield, figures 7 and 8. There would be no difficulty in making such a substitution. Any intelligent mechanic could do it without invention. Where this is so, the device is not patentable. *Re Iwan,* 17 App. D. C. 566; *Re Davenport,* 23 App. D. C. 370.

It is further urged in behalf of the appellants that the references are not in point, because they deal with steam, while their device is intended for use in pumping heavy oil. Primarily, this is its purpose, but it may be used in connection with steam. In their original application appellants state that the device is also applicable "to other fluid mediums, such as air, gas, steam." Clearly, the references are pertinent.

A proposed substitute claim was offered for consideration by the Commissioner of Patents which differs from the appealed claims in that it provides for a track in which "all curves bend

in one direction." Such a track is anticipated by Beckfield, and hence the substitute is open to the same objections as those made to the appealed claims. In this court the same substitute is presented, but with certain limitations which provide that the pump or like apparatus of the issue is "for use with a viscous fluid medium," and that "the inward motion to the pistons" is given by the track, "centrifugal force being utilized for the outward motion." Fluid is an old medium, and there is no patentable novelty in putting it to a new use. The function recited in the other limitation is disclosed by the Beckfield patent, figure 7, if operated as a pump, for "centrifugal force will drive the pistons against the circular track, which in turn gives inward motion to the pistons."

The decision of the Commissioner of Patents in rejecting the appealed claims is affirmed.                    *Affirmed.*